THE PRESIDENT AND FELLOWS OF MIDDLEBURY COLLEGE *v.* LUCIUS LAWTON, JAMES HOLDEN, FRANKLIN R. BUXTON AND GEORGE BUCKLIN.

*Proceeding against tenant under statute of 1842.    Joinder of defendants.    What may be recovered.    Amount of recovery.    Severance of damages.*

The plaintiffs leased to the defendant certain premises for the term of three years, reserving rent, and there was appended to the lease an agreement, that if the title to the premises should be established in the plaintiffs, they would

Middlebury College *v.* Lawton et al.

execute to the defendant a perpetual lease of the premises on such terms for annual rent as indifferent men should say was equitable. And it was held, in the absence of evidence that this additional agreement was founded upon any consideration, or that the plaintiffs' title to the premises had been established in the manner contemplated, that the existence of this additional agreement would not preclude the plaintiffs from sustaining proceedings against the defendant, under the statute of 1842, after the expiration of the term, for the recovery of the possession, nor entitle the defendant to be treated as a tenant at will and entitled to notice to quit.

The proceeding under that statute is analogous to an action of ejectment, and may be sustained against the lessee, and against all who are in possession of the premises, claiming under him ; and the lessor is not precluded from joining the lessee as a defendant, with those who are in actual possession of the premises under him, by the fact, that the lessee is not himself in actual possession of the premises, at the time the proceeding is instituted.

And the plaintiffs are not precluded from joining, as a defendant, one who has received an under lease from the lessee, of a portion of the premises, reserving rent to the lessee, by the fact, that such sub-lessee was in possession of the same portion of the premises under one claiming title adverse to the plaintiffs, previous to his entering into such contract with the lessee.

And if it were necessary to join, as a defendant, such adverse claimant, under whom the sub-lessee first entered, the omission to join him will only render the suit subject to be abated on motion; and if that question were not raised in the county court, it cannot be made in the supreme court.

And the lessee and his several sub-tenants may be joined as defendants, in the same proceeding, although it appear, that the sub-tenants are in possession of and claim several and distinct portions of the premises.

In a proceeding under the statute of 1842, brought by a landlord to recover the possession of the premises from a tenant who holds over his term, the landlord is entitled to recover all the rent due at the time of the rendition of the judgment,—as well the rent which accrued under the lease, as the subsequent rent.

And although the justice of the peace, before whom the proceeding is first instituted, is limited, in the amount of his judgment, to thirty dollars, yet, if an appeal be taken by the tenant, the appellate court is not limited to that amount, but may add the accruing rent.

And if several are joined as defendants, who hold by separate and distinct possessions different parts of the premises, and who sever in their defences, separate damages may be awarded against them.

XXIII. 87

Middlebury College *v.* Lawton et al.

THIS was a freehold action, brought before a justice of the peace, pursuant to the statute of 1842, and came by appeal to the county court for the county of WASHINGTON. The defendants pleaded several pleas; Lawton pleaded the general issue; Bucklin disclaimed as to all except fifty acres, and as to that pleaded the general issue; and Holden and Buxton disclaimed as to the fifty acres mentioned in the plea of Bucklin, and pleaded the general issue as to the residue. Trial by the court, March Term, 1851,—POLAND, J., presiding.

On trial the facts were found as follows. On the eighth day of March, 1847, the plaintiffs leased to the defendant Lawton the premises described in their declaration for the term of three years, reserving rent, with a clause giving the right of re-entry for non-payment of rent; and the lease also contained a clause in these words, —" The parties in the above lease hereby agree, provided the title to the lot above named is established in said corporation, that said Lawton shall take and have a durable lease of said lot on such terms for annual rent, as indifferent men shall say is equitable." Lawton took possession of the premises; but on the seventh day of April, 1847, he executed to the defendants Holden and Buxton a bond, conditioned, that, on payment to him of $200,00 in three years from that date, by Holden and Buxton, he should procure a warrantee deed to them from the plaintiffs of one hundred acres of the north half of said lot. After the execution of this bond Lawton had no actual possession of any part of the lot, and Holden and Buxton took possession of the whole of the lot, except the fifty acres mentioned in the plea of Bucklin, (of which they never had possession,) and remained in possession until November, 1850, when they surrendered the possession to the plaintiffs. The rent reserved in the plaintiffs lease, due, by the terms of the lease, at the expiration of the term, amounted to $24,00; and the use of the premises from the expiration of the term to the time Holden and Buxton surrendered possession of the portion held by them was worth $24,00.

On the eighteenth of July, 1836, one Daniel Spencer executed a deed, in due form of law, of the lot in question to Araunah Spear, who took actual possession thereof under said deed, and, on the twentieth of December, 1839, conveyed the lot to William W. Brayman, who took possession of the lot and made improvements thereon; and on the fourteenth day of May, 1847, Brayman executed a con-

tract for the sale and conveyance to the defendant Bucklin of fifty acres of the lot, situated in the southerly corner thereof, for the consideration of $113,84, payable in five years; and Bucklin took possession thereof under this contract, and ever afterwards remained in possession, but never had possession of any other part of the lot. The contract between Brayman and Bucklin was recorded December 26, 1848. Bucklin, while in possession of the fifty acres, took a lease of the same from Lawton,—but at what time, or for what term, did not appear; but a rent was therein reserved, which was paid to Lawton, and it was provided, that, if the plaintiffs held the land, Lawton should give to Bucklin a perpetual lease of the fifty acres. No evidence was offered, tending to prove, that Holden, or Buxton, had ever paid any part of the sum stipulated in their contract with Lawton, or that the use of the fifty acres occupied by Bucklin was of any value, or whether, or not, Bucklin had paid any part of the purchase money to Brayman, or that the plaintiffs had ever had possession of any part of the lot, otherwise than as above stated.

The defendants insisted, that, upon these facts, Bucklin and Lawton were each entitled to a judgment in their favor; but that, if the court should be of a different opinion, the plaintiffs were not entitled to a judgment for any more than nominal damages against the defendants, it being a joint action, and that the plaintiffs could not recover the rent, as part of the damages, which accrued under the lease to Lawton.

The county court rendered judgment against the defendants Lawton, Holden and Buxton for the recovery of the possession of the premises, except the fifty acres in the possession of Bucklin, and against the defendant Bucklin for the possession of the fifty acres occupied by him, and one cent damages, and also rendered judgment that the plaintiffs recover of Lawton, Holden and Buxton $24,00, which accrued as rent under the lease to Lawton, and $24,00 as the value of the use of that portion of the premises occupied by Holden and Buxton, subsequent to the expiration of the lease. Exceptions by defendants.

Middlebury College *v.* Lawton et al.

*O. H. Smith* for defendants.

This action cannot be maintained against either of the defendants. All the defendants, except Bucklin, took possession under a lease for three years and a contract for a durable lease, provided the title to the land should be established in the plaintiffs. This is purely a statutory proceeding. It provides a remedy, unknown at common law, against the person who holds possession of premises *without right,* after the determination of the lease. None of the provisions of the statute relating to the action of ejectment have any application to this case. If the plaintiffs claim to recover under their right of re-entry for non-payment of rent, they should have re-entered, before they commenced this action, or have demanded possession. If they claim to recover on the ground that the three years had elapsed, the defendants had a right to remain in possession, under the contract for a durable lease, until notified, that the title to the lot had not been established in the plaintiffs, or until their refusal to execute a lease. Bouv. Law. Dict. 226. *Campbell* v. *Bateman,* 2 Aik. 177. *Downer* v. *Richardson,* 9 Vt. 377. *Mairs* v. *Sparks,* 2 South. 513.

If this action can be sustained against any, it cannot against Lawton. The case does not show, that he exercised any control over any part of the lot after March 8, 1850, nor that the lease to Bucklin was in force after that date. Neither the bond, nor lease, could give him a constructive possession, so as to make him a *tort feasor,* at least without some act on his part, indicating an intention to hold possession against the right of the plaintiffs.

The action cannot be maintained against Bucklin. The statute in relation to forcible entry and detainer is in some degree penal in its character, and the summary remedy therein provided cannot be extended to a case not clearly within its provisions. *Fifty Associates* v. *Howland,* 11 Met. 99. It has been repeatedly decided in Kentucky, that where a tenant obtains possession under one man, and then takes a lease from another, and holds over, he is not liable to a warrant of forcible detainer in favor of the latter. *Helm* v. *Slader,* 1 A. K. Marsh. 320. *Melson* v. *Cox,* 2 Ib. 150. *Mattingly* v. *Lancaster,* 2 Ib. 30. *Gray* v. *Gray,* 3 Litt. 465. *Ball* v. *Lively,* 2 J. J. Marsh. 181. To allow this would defeat the provisions of the first section of the statute relating to ejectment. In any proceedings by the plaintiffs to oust Bucklin, Brayman was a necessary

Middlebury College v. Lawton et al.

party, and he had a right to his possession, in a trial of title with the plaintiffs.

As the plaintiffs have brought their action declaring on a joint possession, they cannot recover against either of the defendants in this action. *Kerr* v. *Phillips*, 2 South. 818. *Sneader* v. *Quick*, 7 Halst. 129. *Boylston* v. *Valentine*, 1 Harr. 346.

The defendants, by virtue of the contract annexed to the lease, would at least be tenants at will, and, as such, would be entitled to notice to quit. *Wheeler* v. *Wood*, 12 Shep. 287.

A fair construction of the statute of 1842 will not authorize a recovery of the rent that accrued under the lease. A contract cannot be changed into a tort.

As the action is joint, the plaintiffs cannot recover more than nominal damages,—that being the rule of damages as to Bucklin, if he is held liable. *Edgerton* v. *Clark et al.*, 20 Vt. 264.

*Peck & Colby* for plaintiffs.

The case shows, that Lawton was the lessee of the plaintiffs by a written lease, and that all the other defendants were in possession under Lawton. This gives the right to this action under the statute; and the plaintiffs were not bound to inquire, what division the defendants had made of the property among themselves, but could sue all jointly. *Marshall* v. *Wood*, 5 Vt. 255. *Lessee of Bayard* v. *Colfax et al.*, Tillingh. Eject. 290, n. 1. The judgment was in accordance with the Revised Statutes, p. 215, § 5.

The opinion of the court was delivered by

KELLOGG, J. This was a proceeding under the statute of 1842, to recover possession of a lot of land in the town of Warren. The suit was commenced before a justice of the peace, and came by appeal to the county court, where the defendants pleaded separately. The defendant Lawton pleaded not guilty. The defendant Bucklin, as to all the premises except fifty acres in the south corner of the lot, pleaded a disclaimer, and as to the fifty acres he pleaded not guilty. The defendants Buxton and Holden, as to the fifty acres in the south corner of the lot, disclaimed all title and possession, and as to the residue of the lot they pleaded not guilty. To the proceedings in the county court several objections have been taken.

1. It is objected, that this action cannot be maintained against any of the defendants, for the reason, that, by a contract between the plaintiffs and the defendant Lawton, Lawton was to have a durable lease of the premises. It appears, that on the eighth of March, 1847, the plaintiffs leased to the defendant Lawton the premises in question for the term of three years. Appended to the lease is a memorandum of agreement, signed by the plaintiffs and Lawton, to the effect that the plaintiffs (provided their title to the lot in question should be established,) would execute to Lawton a durable lease of the same, upon such terms as indifferent men should say were equitable. This agreement is no part of the lease. It is a distinct and independent agreement. To this objection it may be answered, —1. That it does not appear, that the agreement was founded upon any sufficient consideration. Neither the agreement, or the case, discloses any consideration. 2. That the terms of the agreement imply, that the plaintiffs' title to the land in question was then in controversy, and by the agreement that controversy was to be terminated and the plaintiffs' title established, before the agreement was to become operative. The case does not show, that the plaintiffs' title has been established. Consequently, we do not see, that the defendants can derive any aid from the agreement. The defendants' right to occupy the land terminated with the expiration of Lawton's lease. But had the plaintiffs' title to the land been established, we do not see, that the agreement would be any defence to this suit, even if it be treated as a valid, binding agreement. For a breach of the contract the party might have a remedy at law, or he might enforce the contract in equity; but we apprehend, it would be no defence to the present suit.

2. It is objected, that this action cannot be maintained against the defendant Lawton, inasmuch as it appears, that he was not in the *actual* possession of any portion of the land after the seventh of April, 1847. It appears, that Lawton, on the seventh of April, 1847, put the defendants Buxton and Holden into possession of the lot of land leased by the plaintiffs to Lawton, (except fifty acres, of which Bucklin was in possession,) under a contract, that Lawton would procure a deed from the plaintiffs to Buxton and Holden of one hundred acres of the northerly part of the lot, provided they, within three years, should pay him $200,00 and also pay him $36,00 rent

for said three years. Lawton executed to them his bond to that effect. The condition of the bond recites, that a lease of the premises had been granted to Lawton by the plaintiffs. Their right to occupy the premises was derived from Lawton. They stood in the relation of tenants to Lawton, paying him a yearly rent, and Lawton's title was by virtue of his lease from the plaintiffs. Under such circumstances, it seems to us quite evident, that the action of *ejectment* well lies against Lawton.

The question recurs, can the *present suit* be maintained against Lawton ? The suit is a *civil* suit. The proceedings are in conformity to the statute of 1842 ; and although the act is in *addition* to the statute relating to forcible entry and detainer, yet it is very obvious, that all the proceedings contemplated by the statute of 1842 are of a civil nature. The act is not penal. The process is by summons. If the suit is sustained, the plaintiffs recover for rent in arrear, and are entitled to judgment for the possession of the premises and to a writ of possession. The suit is analogous to and contains all the elements of an action of ejectment. The obvious purport and design of the act seems to be, to furnish lessors a summary remedy for the recovery of demised premises, where lessees, or their assignees, hold them after the determination of their leases. We think, the suit may properly be regarded as analogous to the action of ejectment. And consequently the suit may well be maintained against Lawton and all others who were in possession claiming under him.

3. It is further objected, that the action cannot be maintained against the defendant Bucklin. It appears, that on the fourteenth of May, 1847, Bucklin contracted with one Brayman for the purchase of fifty acres at the south end of the lot in question, and entered upon the same under the contract, but received no deed of the land from Brayman. Soon after he went into possession of the fifty acres, he took a lease of Lawton of the same, in which rent was reserved, to be paid to Lawton; and if the plaintiff held the land, Lawton was to give him a perpetual lease. By taking the lease, Bucklin acknowledged the title of Lawton and the plaintiffs, and thereby is estopped from denying the same. After taking the lease, he must be regarded as holding under Lawton, the plaintiffs' lessee, and by holding over he thereby became liable to this process.

It brings him within the purview of the statute, upon which the suit is founded. We are referred to several cases in Kentucky, where, it is said, a different doctrine is held; and if so, the cases are doubtless predicated upon the statutes of that state, which may be essentially different from ours. The case before us must be decided with reference to our statute, which in terms subjects the defendant Bucklin to this action.

Again, it is said, that Brayman, under whom Bucklin entered upon the land, should have been made a party to the suit. This objection is supposed to be based upon that provision of the statute relating to the action of ejectment, which requires the landlord, if any there be, to be joined with the tenant in possession, in any action which may be brought for the recovery of the premises. Rev. St. 215, sec. 1. If this section is applicable to the case, the neglect to join Brayman with the tenant, would render the suit subject to be abated on motion; but that question, not having been raised in the county court, cannot be considered in this court. Nor will such neglect to join Brayman with the tenant in possession, if he is the landlord of Bucklin, prejudice his rights; for the statute expressly provides, that such neglect shall not prejudice the rights of the landlord. We do not think the plaintiff was bound to make Brayman a party to this suit. It does not appear, that the relation of landlord and tenant existed between Brayman and Bucklin; and if it did, there is no evidence of it upon the proper records, without which the plaintiff was not bound to notice it.

4. It is farther objected, that, as the plaintiffs have brought their action declaring upon a joint possession, they cannot recover against either of the defendants in this suit. This objection is disposed of by the case of *Rood* v. *Willard*, Brayt. 67, where it was held, that, in ejectment, the declaration is good against the defendants *jointly*, although it appear in evidence, that the possessions and trespasses of the defendants were *several* and *distinct*, upon the same lot of land described in the declaration.

5. It is urged, that, by virtue of the agreement annexed to the lease, the defendants became tenants at will, and, as such, were entitled to notice to quit. This objection is not sustained. We have already shown, that the agreement was without consideration and wholly inoperative. It conferred no right upon Lawton to occupy the premises. Whatever right he had was derived from the lease.

6. It is also insisted, that the plaintiffs are not entitled to recover, in this suit, the rent that accrued under the lease. It appears to us, that this objection is not well taken. The statute expressly provides, that, if the plaintiff is entitled to recover, he shall have judgment for the possession of the premises and for *rents*. This must be rent, that accrued prior to the judgment, and evidently means rent accruing under the contract. The justice, it is true, is limited in amount to thirty dollars. But it will be noticed, that, on the defendants' taking an appeal, the statute provides, that the appellant shall give recognizance to the plaintiff not only to enter the appeal, but to pay *all rent then due* and all *intervening rent*, damages and cost. This language is broad enough to embrace the rent which accrued under the lease, as well as the subsequent rent, and no distinction appears to be made by the statute between them. It was intended to cover the rent *due* at the rendition of the judgment.

It has been said, that, as the justice, in his judgment, was limited to thirty dollars, the appellate court must be limited to the same amount. But it seems to us, that this does not necessarily follow. The jurisdiction of justices of the peace in civil suits is limited to one hundred dollars; yet the appellate court does add to the judgment below the accruing *interest*, though the amount exceeds one hundred dollars; and, in analogy to that well settled practice, we think, in the present case, the county court might well add the accruing *rent*. The defendants are made liable to the payment of it by the statute, and we can see no necessity for turning the plaintiff over to a suit upon the recognizance. The object of the recognizance was, to give the plaintiff security for the ultimate payment of the judgment he might recover; and if the defendants are able to pay it, there can be no necessity of resorting to the recognizance.

A question has also been made as to the power of the county court to award separate damages against the defendants. But, under the pleadings in the case, it seems to us, that the judgment awarding separate damages was obviously right. It is to be borne in mind, that the defendants severed in their defence,—that they held, by separate and distinct possessions, different parts of the same tract, and it would seem to be most equitable, that there should be separate damages awarded. We cannot see, that such judgment

xxiii. 88

---

---

operates as an injury to any one. Nor do we perceive any *legal* objection to an apportionment of the damages among the defendants, according to their respective possessions, where they sever in their defence. Indeed, such course seems to be warranted by the statute. Rev. St. 215, sec. 5. *Lessee of Bayard* v. *Colfax et al.,* C. C. U. S., New Jersey, cited in Coxe's Digest 272.

Upon the whole, we discover no error in the judgment of the county court, and the same is therefore affirmed.