Barton *v.* Learned.

---

### ANDREW W. BARTON *v.* JOHN A. LEARNED.

*Forcible Entry and Detainer. Jurisdiction given to a single mag-*
*istrate by the Statute of 1850. ( Comp. Stat. 307 and 308.)*
*To whom the action is given and against whom.*

In the action under the statute, for forcible entry and detainer, giving summary process to get possession of land, since the statute of 1850, (Comp. Stat. 307 and 308) a single magistrate has jurisdiction.

And this action, under the statute, is given not only against the *lessee*, who holds over after the lease is determined, but also against any person, holding under the lessee; and any person, who is entitled to the possession of the land, can sustain the action.

Barton *v.* Learned.

And where the defendant, in 1851, conveyed certain premises to B. and became a tenant to B., at will or sufferance, by a parol agreement, and was to surrender possession, when requested, either to B. or his grantee, and B. deeded to P., and P. deeded to the plaintiff, and all three requested the defendant, within the year, to surrender the premises to the plaintiff, which the defendant refused to do; *it was held*, that the plaintiff could maintain this action against the defendant for the possession of the premises.

*It was also held*, that after notice to surrender the premises, the defendant's right as lessee was determined, and that the defendant was estopped from setting up an adverse right to B. or his grantee.

In New York, under a similar statute, *it was held*, that the purchaser of the premises from the landlord might have this remedy. *Birdsall* v. *Phillips*, 17 Wend. 478.

THIS was an action under the statute, brought in October, 1852, before a justice of the peace, to recover possession of lot No. 32, first division, in Berkshire, drawn to the right of the college, and came to the county court by appeal.

The plaintiff offered to prove that on the 23d day of August, 1851, the defendant, while in possession of the premises, deeded the said lot No. 32, to one Charles Bowker, and at the time verbally agreed with said Bowker, that he, the defendant, would quit and give up the possession of the said land to the said Bowker, or to any one that Bowker might sell to, any time on demand, and that he, the defendant, would not require any length of notice to quit, but would quit the possession any day when requested. The plaintiff also offered to prove, that within one year from said 23d day of August, 1851, the said Charles Bowker deeded said land to Seneca Paige, and said Paige to the plaintiff, all in due form of law; that the defendant, after Paige took his deed and before he deeded to plaintiff, acknowledged that he held possession under Paige; but that soon after the plaintiff bought and took a deed of the lot from Paige, the defendant claimed to own the land, and to hold the same in his own right. That the plaintiff soon after he purchased the land from Paige, and within a year from said August, 1851, called on the defendant, and requested him to quit and give up the possession of the lot to him, the plaintiff. That the defendant refused to quit the possession, and claimed to own the lot; that within the year, as aforesaid, the said Paige, Bowker and the plaintiff, all requested the defendant to give up possession of the lot to the plaintiff; but the defendant wholly refused to

Barton *v.* Learned.

quit possession, and claimed title to himself of the lot; and that the defendant remained in possession of the lot till the commencement of this suit, claiming to own the lot, and wholly denying the title of the plaintiff, and that defendant is still in possession of the lot, claiming to own the same.

The defendant objected to all the foregoing evidence of the plaintiff, and the County Court,—PECK, J., presiding,—excluded the 'same, and ordered a verdict for defendant, and rendered judgment thereon for the defendant.

To this decision of the court the plaintiff excepted.

*A. O. Aldis* and *J. Rand* for plaintiff.

I. The extent of the jurisdiction of a justice of the peace, is determined by statute. By the statute of 1797, actions of trespass upon the freehold and where the title of land was concerned, were excepted from their jurisdiction.

By the statute of 1824, they were authorized to try "trespass on the freehold, except real and possessory actions, where the sum in demand does not exceed twenty dollars."

By the Revised Stat. of 1840, and the Comp. Stat. of 1850, the words, "except real and possessory actions," which were used in the act of 1824, are omitted.

II. The special jurisdiction of the tribunal created by the statute, relating to forcible entries and detainers, was not in conflict with the law, as to the jurisdiction of justices. The justice of the peace alone had no jurisdiction, a judge of the county court being associated with him, thus making a special and peculiar court for a peculiar object.

In forcible *entries* it is plain it must mean, the person turned out. In forcible *detainers* does it mean solely the *lessor?* 1. No —for there may be peaceable entry without right, and wrongful and forcible detainer, and no relation ever existing of lessor and lessee. In such a case how can the complainant recover except by showing title? See Slade's Comp. Chap. 21 § 6. Comp. Stat. 306 § 13. 2. Again, when an action was brought on the statute, there the defendant might show superior title and recover. This under the English statute, 8 Hen. 6. See Jac. L. D., title Forcible Entry, &c. It was not so on indictment, there the force is the question solely to be tried. *State* v. *Nelson*, 13 Johns. 340,

and with this agrees the ruling in New York. *Johnson* v. *Stansbury*, 9 Wend. 201. *Ives* v. *Ives*, 13 Johns. 235. *Hyatt* v. *Wood*, 4 Johns. 150.

But on the indictment, the complainant must show sufficient title to bring himself within the statute, and that he is not a mere tenant at will; and the respondent may disprove, if he can, that the complainant has such title. *State* v. *Learned*, 11 Johns. 509. *State* v. *Nelson*, 13 Johns. 340. Hence under the statute, as to forcible entry and detainer, the title of land is concerned, and tried, and " *the person entitled to possession,*" means what it would in trespass or ejectment.

III. The statutes of 1842 and 1850, have some analogy to the statutes of forcible entry and detainer, and are called "additions" to it. But their real object was different. It was to furnish a summary process, by which those entitled to possession of lands or houses leased, could more easily and cheaply get possession of the premises leased. 1st. It gives a single justice jurisdiction. 2d. It simplifies the form of proceeding, making the declaration and proceedings very simple and plain. 3d. There is no fine, no action for treble damages. 4th. This statute applies only to leases by writing or parol, or those holding under them, and such persons only can be made defendants. 5th. But as to the plaintiff, he must be "the person entitled to possession." The remedy is not confined to "the lessor." If intended to have been so confined the word "lessor" would have been used.

The transfer of the right to possession, by death and operation of law, may as well be questioned, as the transfer by deed of the party. An administrator may bring an action for forcible entry &c. *Allen, admr.* v. *Ormsby*, 1 Tyler 345. *Edmunds* v. *Morrill*, Brayton 20.

In New York, under a similar statute the purchaser of the premises from the landlord may institute these summary proceedings against the tenant. *Birdsall* v. *Phillips*, 17 Wend. 464–473. So in Massachusetts, *Hollis* v. *Pool*, 3 Met. 350. *Benedict* v. *Morse*, 10 Met. 223. *Kingsley* v. *Ames*, 2 Met. 29. *Hildreth* v. *Conant*, 10 Met. 298. *Saunders* v. *Robinson*, 5 Met. 343.

*A. Burt* for defendant.

I. The statute, giving this summary process to get possession of

lands, confines it in all cases to where the defendant holds over, " *after the determination of the lease by its own limitation*," or the breach of some stipulation contained in such lease, where it terminates by its own limitation. Comp. Stat. 306 § 15, page 307 § 24 and page 308 § 30.

II. What the plaintiff offered to prove was, that the defendant was tenant at will of the said Bowker, or by sufferance, and nothing more. The agreement to quit, when Bowker requested was not the tenure by which the defendant held the land, but extraneous. The lease did not "determine by its own limitation."

III. The plaintiff offered to prove that the defendant acknowledged that he held possession under Paige ; but by what tenure, the plaintiff did not offer to prove. If the defendant held possession under Paige, then the agreement with Bowker was wholly superseded, and the plaintiff was bound to prove that defendant held over, (as under Paige,) after the determination of the lease by its own limitation, or the non-fulfillment of some condition contained in the lease, which terminated by its own limitation.

IV. A justice of the peace has no jurisdiction "*where the title of land is concerned.*" Comp. Stat. 233 § 20. In this cause, the plaintiff was bound to show a good title in himself, and the same title he would be bound to show in an action of ejectment, as the plaintiff did not offer to show that he had ever been in possession of the premises. If the justice had jurisdiction in this cause, he would have had the same jurisdiction, had it been ejectment. The statute makes no distinction. It says " where the title of land is is concerned." The very offer of the deeds of conveyance, for the justice to pass upon, illustrates the absurdity of maintaining this action. *Haven* v. *Needham et al.*, 20 Vt. 183.

The opinion of the court was delivered by

BENNETT, J. The plaintiff seeks to be restored to the possession of the parcel of land, mentioned in his declaration ; and though under the Revised Statutes of 1839, the action was to be brought before two justices of the peace, one of whom was to be a judge of the county court, yet in 1842, and 1850, the Legislature gave jurisdiction to a single magistrate. See Comp. Stat. of 1850, p. 307, 308.

The objection, then, that there was no jurisdiction, is without foundation.

The statute of 1850, in substance enacts, that when a lessee of any lands or tenements, whether the lease be in writing or *by parol*, or when *any person* holding under such lease, shall hold pos-·session without law or right, after the determination of the lease by its own limitation, or after the breach of any stipulation contained in the lease, by the lessee, or any person holding under him, *the person entitled to possession* of the premises may be restored to the possession thereof, in the manner provided by the act of 1842, and the act of that year fully prescribes the course of proceeding. The action is given, not only against the lessee, who holds over after the lease is determined; but also against any person holding under him, and it is given to *the person who is entitled to possession.*

In August, 1851, the defendant conveyed the premises in question to one Charles Bowker, and at the same time became a tenant either at will, or sufferance, to said Bowker, by a parol agreement, and he was to surrender them up, at any time, when requested, either to Bowker or his grantee, and this without any length of notice. Within a year from the time of the agreement between the defendant and Bowker, the latter deeded to one Paige, and Paige to the plaintiff; and the case shows that within the year, the three, Bowker, Paige and the plaintiff, all requested the defendant to surrender up the premises to the plaintiff, and that he refused so to do, and set up an adverse possession in himself.

The defendant's right as lessee was clearly determined, and he would be estopped from setting up an adverse right to Bowker, or his grantee, and in the language of the statute, he held over *without law or right.* The great question, which is made, is, as to the right of the present plaintiff, to maintain the action, and we think he may. Neither Bowker nor Paige have a right to the possession. The plaintiff is the only one in interest, and it would be strange if the statute should have required the suit to have been brought in the name of Bowker, and he recover in trust for the plaintiff. Whether we regard the defendant as a tenant at will, or sufferance, under Bowker, it is immaterial. In either event his interest had been determined ; and after this he resists the claims of the plaintiff at his peril. If we held that the defendant's lease,

being at will, was put an end to by the giving of the deed from Bowker to Paige, it would not defeat this action. The statute does not require that the relation of landlord and tenant should subsist between the parties to the suit when the action is brought. It is enough, if the defendant's possession commenced as a lessee, and he holds over without right, and the party sueing has the right of possession, as derived from the lessor.

The statute not only gives the action against the lessee, but also against any person holding under him, and it is given *to the person entitled* to possession. It is no objection to this statute action, that the plaintiff's title may come in question. It may be a litigated point, where the action is not against the lessee, whether the defendant ever became his tenant; yet the action is as well given against the tenant of the lessee, as the lessee himself.

In New York under a similar statute, it was held, that the purchaser of the premises from the landlord might have this summary remedy. *Birdsall* v. *Phillips*, 17 Wend. 473 ; and the case of *Hildreth* v. *Conant*, 10 Met. 298, is much in point.

For the purpose of disposing of this bill of exceptions, we are to take it, that everything was proved which the plaintiff offered to prove.

The result then must be that the judgment of the County Court is reversed, and the case remanded.