## Marshall P. Davis *v.* Joseph Hemenway.

*Practice.   Equitable mortgage.   Lease.   Forcible entry and detainer.*

Where, in an action at law, the county court find that the defendant has the interest of a mortgagor in certain premises, the legal title of which is in the plaintiff, and the bill of exceptions does not detail all the evidence or state all the facts in the case, that finding cannot be revised by the supreme court.

The defendant, having the interest of a mortgagor in certain premises, which was evidenced by a written contract between him and the person who had the legal title, assigned his contract and interest in the premises, with a provision that the assignment should be void upon the failure of the assignee to perform certain conditions; the assignee did fail to perform, and abandoned the possession of the premises, which the defendant retook,

without any reconveyance of them to him; thereupon the mortgagee executed to the defendant another and similar contract, and afterwards conveyed the premises to the plaintiff, who had knowledge of the defendant's interest: *Held* that the defendant held the same interest under the second as under the original contract, and that the plaintiff could not set up any possible interest in said assignees to defeat it.

If a person had an equitable interest in a piece of land, and a contract for a deed of it upon the payment of a given sum by a certain time, which has expired; an acceptance of the interest accruing upon that sum after that time, will be an acknowledgment of his equity as still subsisting and a renewal of the contract for a deed.

If a mortgagor or purchaser agree to pay a certain sum as rent, that will not constitute him a lessee, if that sum is really only the interest on the debt or purchase money.

Neither section, 15, 23 or 30 of Chap. 44 of the Compiled Statutes respecting forcible entry and detainer has any application to the case of an equitable mortgagor or purchaser in possession. They apply only to technical lessees whose terms have expired, and whose entire right, both legal and equitable, has ceased.

FORCIBLE ENTRY AND DETAINER. The proceeding was commenced before a single justice and came into the county court by appeal, and was there tried by the court, upon the plea of not guilty, at the January Term, 1855,—UNDERWOOD, J. presiding.

The premises in question belonged, in the fall of 1846, to the estate of Daniel Gould, to which estate there were five heirs, the defendant's wife being one; and the defendant was the owner, by purchase, of the shares of three of the other heirs, and had received from the widow a lease of her estate in dower at an annual rent of $25. In the fall of 1846 the administrator upon the said Gould's estate, under a license from the probate court, sold said premises at auction, and they were bid off by one Farwell, as the agent and for the benefit of the defendant. The defendant went into possession of the premises, but they were never deeded until the 10th of July, 1847, when both the administrator and the defendant deeded them to Jacob Davis by deeds absolute on their face; and the said Davis thereafter claimed that the purchase by him was an absolute and indefeasible one, but the defendant claimed that the deeds were intended only as security to said Davis for the sum of $1,000, advanced by him for the defendant, and such the county court found to be the fact. At the time said deeds were executed, the said Davis gave to one Arnold, as trustee for the defendant, a writing which was referred to on the trial as " contract A," by which he promised to quitclaim said premises to the defendant in three years from the first day of April, 1847, if the defendant then paid $1,000, and paid $60,

annually, and the rent upon the dower estate, and the taxes, during each year up to that time; but with a provision that if the defendant did not pay in every particular, as therein provided, the agreement should be of no validity, and the premises should remain the proprety of Davis, and that the agreement should not be used or considered as any considertion or condition, in any way, directly or indirectly, of the deed which the said Davis had received from said administrator.

On the 27th of March, 1848, the defendant assigned, by a writing on the back of said contract A, all the rights and privileges therein reserved to him, to Jacob Orcutt, Elkanah Smith and Leonard F. Davis, upon the condition that they performed the same stipulations which the defendant was to perform, and paid him $416,67 at the decease of the widow Gould, and in case they failed to fulfil in each and every particular, as specified in that or in the original agreement, said assignment was to be null and void and to this assignment the said Jacob Davis gave his written assent. The defendant had remained in possession of the premises from the time of the auction sale by the administrator, to the time of this assignment, when he surrendered it to the said Orcutt, Smith and Davis, who occupied it thereafter until just before the 1st of April, 1850, when they abandoned the contract, and the premises. Soon after this, on the 1st of April, 1850, the defendant again took possession of the premises, and the said Jacob Davis executed another writing referred to, as " contract B," which contained substantially the same provision and reservation with contract A, —the time for the payment of the $1,000 being extended three years, or to the 1st of April, 1853; and the defendant thereafter remained in the possession of the premises and had, at the commencement of the suit, made all the payments provided for in said contract B., except the sum of $1,000. The said Jacob Davis deeded said premises to the plaintiff on the 18th day of October, 1853, and it appeared that, at the time of receiving the deed, the plaintiff knew of the arrangements between the defendant and the said Jacob Davis in reference to said land. On the 9th of May, 1854, the defendant paid the plaintiff $60, which the plaintiff receipted as in full for the rent up to the 1st of April, 1854.

Upon the foregoing facts, the county court rendered judgment

for the defendant, upon the ground that the plaintiff, having taken his deed with knowledge of the relationship of the defendant and Jacob Davis to said premises, stood himself in the same relation to them that Jacob Davis did;—and that his relation to them was that of a mortgagee, and the defendants' that of mortgagor. Exceptions by the plaintiff.

*W. Hebard*, for the plaintiff.

Contract B. was not a mortgage. No deed had passed; and no money had been paid or received for the security of which a mortgage was required. If the defendant ever had any interest in the premises, he parted with it when he assigned contract A. The contract expressly provides that it shall have none of the characteristics of a mortgage. It was a lease reserving rent, with an offer to sell on certain terms, if the defendant chose to accept them; but he was under no obligation to do so. A mutual obligation upon each, in some way, is essential to a mortgage, Littleton, 205 and notes. *Henry v. Bell*, 5 Vt., 393.

The plaintiff was entitled to a judgment whether the contract was in the nature of a mortgage or not. The terms of the statute are general, and apply to all cases where the relationship of landlord and tenant exists; and it exists between mortgagor and mortgagee, Littleton 205, Sec. 332–3.

*P. Perrin* and *L. B. Peck*, for the defendant.

The contracts between Jacob Davis and the defendant contained all the elements of a mortgage, and in equity, would be so considered. *Catlin v. Chitenden*, Brayt. 163. *Campbell v. Worthington*, 6 Vt. 448. *Baxter v. Willey*, 9 Vt. 276. *Mott v. Harrington*, 12 Vt. 199. *Mattocks v. Lyman et als.*, 16 Vt., 113. *Wright v. Bates*, 13 Vt. 341.

This action cannot be maintained where the relation of landlord and tenant, or lessor and lessee, does not exist.

The opinion of the court was delivered by

REDFIELD, CH. J. We think the defendant may fairly be regarded as having the same equity in these premises under the contract B as under the contract A. The only objection urged

against this view is, that he had assigned his equitable estate, whatever it was, under the first contract, and that had not been reconveyed to him. But this assignment is merely conditional and, by express terms, to become void upon any failure to keep and perform all the conditions on the part of the assignees. In these they did fail, and surrendered the possession, and the plaintiff's grantor renewed the contract with defendant. We think under this state of facts, all the parties in interest in the matter consenting to treat this assignment, as expiring by its own limitation, it is not now for the plaintiff, who took with full notice of the title of his grantor, and of defendant's equities, to set up any possible equity, which may exist, in these assignees, to defeat defendant's equity, which seems, on all grounds, to be the paramount equity against the plaintiff, and, probably the only one which can be asserted against the plaintiff. Whether this equity is strictly that of a mortgagor is not very clear upon the case as drawn up. The case finds expressly that the county court so regarded it and so held it, and gave judgment for the defendant upon that ground. And, as all the facts in the case are not said to be stated, but only certain facts, and among them that the defendant had a mortgage interest in the premises, by contract A, it is impossible for us to say that the court was not fairly justified in so holding the defendant's interest. If the real intention of the parties was to secure a deb and nothing more, and the contract was put in the form it was, to cut off the debtor's equity of redemption, equity will still regard it as a mortgage. *Hyndman* v. *Hyndman*, 19 Vt. R. 9.

This is altogether matter of fact, and, unless all the testimony is detailed, and we could thus see that it had no tendency to show a mortgage, we could not revise this finding of the county court on an issue of fact, as we could the finding of the court of chancery, upon such a question, when the matter comes into this court upon appeal.

II. In regard to the extent of this remedy, it is obvious to us that neither the fifteenth section, which expressly limits the remedy to a written lease and a demand in writing, after the determination of the lease, for the surrender of the premises, or the twenty-third or thirtyeth section which only extend to " the lessee of any lands "— " or the person holding under such lessee " could have any just

application to the case of an equitable mortgagor, and, probably, not even to the case of a purchaser of the land in possession. For the former is, in equity, the owner of the land and the interest of the mortgagee is a mere chattel. And a purchaser has, even after a failure to perform his contract strictly in time, still an equity. And, although, the mortgagor, after the law day is passed, and a purchaser, after failure to perform, hold by a tenure, which has been denominated a kind of tenancy by sufferance, still they are neither of them in any sense lessees. And, having taken a writing like the present, agreeing to pay rent, if it is really but interest upon a debt or the purchase money, will not make them lessees. And accepting this interest after the three years named in the writing expired, if it be really nothing more than interest, is a recognition of defendant's equity, after the expiration of the time limited, and, in equity, a renewal of the contract. And these questions are matters of fact, to be determined by the triers of the fact, by way of inference from the testimony, where that is not explicit, and not revisible here.

The sections above alluded to are the only ones relied upon in the argument as sustaining the present proceeding, and the only ones giving such a proceeding, I think, before one justice, which this was.

And we are satisfied it was not the purpose of the statute to give this summary remedy against one in possession of lands, unless all title and right in him, both legal and equitable, had ceased, or indeed unless he were a technical lessee and nothing more, his term having expired.

Whether the original provisions of this act against forcible entry and detainer afford any redress in such case is not now before us. That is a proceeding before one justice and a judge of the county court, wholly unlike the present.

Judgment affirmed.