## PITKIN v. BURCH.

*Forcible Entry and Detainer under ss. 22, 23, c. 46, Gen. Sts.*

Grantee cannot maintain forcible entry and detainer under ss. 22, 23, c. 46, Gen. Sts., against grantor remaining in possession, although grantor, on notice to quit, promises to surrender possession.

FORCIBLE ENTRY AND DETAINER brought before a justice of the peace, founded on ss. 22, 23, c. 46, Gen. Sts. The premises in question were conveyed to plaintiff by one Rand, to whom defendant and his wife had conveyed their equity of redemption therein, and one Brockway had conveyed his interest in a decree of foreclosure by him obtained on a mortgage thereof executed to him by defendant. Plaintiff gave testimony that on the day Rand conveyed to him, he informed defendant thereof, and requested him to surrender possession of the premises, and that defendant promised to do so in the course of a week—as soon as he could find a house to move into ; that afterwards, and before this suit was brought, defendant told plaintiff he should not surrender possession till he was obliged to, and that he was still in possession. The time of redemption fixed by said decree expired before this suit was brought. Upon these facts, the court, at the December Term, 1874, BARRETT, J., presiding, decided that there was no holding over within the meaning of said sections, and directed a verdict for the defendant; to which plaintiff excepted.

*S. M. Pingree*, for plaintiff.

Conceding that defendant had no title, was plaintiff, under his title, coupled with the promise of defendant to surrender the possession, in a situation to take advantage of the statute in question ? This we claim affirmatively, upon the ground that if defendaut had gone into possession upon just such terms, the statute would undoubtedly apply; and it matters not whether the possession was a continuing one, or one beginning with like understanding, terms and conditions.

The premises belonged absolutely to the plaintiff, and this the defendant knew, as it was effected by his own deed to Rand, of which latter conveyance he had notice.

*D. C. Denison & Son*, for defendant.

This action will lie ouly between lessor and lessee. This case shows that the defendant owned the land. He was not a lessee in any sense of the term; therefore this action cannot lie, and the ruling of the court below is correct. *Davis* v. *Hemenway*, 27 Vt. 589.

The opinion of the court was delivered by

Ross, J. The right of the plaintiff to maintain this suit, depends upon whether the facts bring it within the language and spirit of the statute. The particular remedy attempted to be used is given by statute. The language of s. 22, c. 46, of the Gen. Sts., only gives this remedy against one who holds possession of the premises after his right to do so under a lease, written or parol, has terminated. It in terms applies to no other holding of premises. It is a summary remedy, and allows the landlord very speedily and summarily to repossess himself of premises that the lessee holds against him without right after the termination of the lease by the expiration of the term, or by the violation of some of the provisions of the lease that work a termination of the term. Such summary remedy is given in no other cases. If the legislature had intended to give the remedy in other cases, it could very easily, and would have been likely to have used language suited to that end. It is a familiar and well recognized rule in

the construction of statutes conferring ·new remedies, that the instancing by the legislature in the statute of particular cases to which the remedy shall apply, excludes from its application all cases not mentioned. The application of this rule to the construction of the statute under consideration, excludes the case at bar from the operation of the remedy therein provided. The defendant, so far as the case discloses, never was in possession of the premises sought to be recovered under a lease, written or parol. He is not now holding the possession of the premises after the termination of such lease. He is, rather, in possession in the character of a vendor, refusing to surrender the premises to the purchaser. Rent, the characteristic element of a lease, has never been paid by the defendant to the plaintiff, nor to any of the grantors of the plaintiff. That the defendant, when notified by the plaintiff of his purchase of the premises, on being requested to vacate them, told the plaintiff that he would do so within a few days, and as soon as he could find a house to move into, does not change the character of his possession. The plaintiff did not agree that he might remain in possession for the few days, nor did the defendant, by implication even, agree to pay rent for such possession. This talk between the parties has none of the elements of a parol lease.

The apparent object of the passage of the statute was, to furnish a cheap and speedy remedy to the owner of premises who has a right to possession, for the recovery of such possession against one who stands in the acknowledged relation of lessee, and by virtue of standing in that relation to the plaintiff, is estopped from disputing his title to the premises. Such cheap and speedy remedy operates to the advantage of poor tenants, by rendering landlords willing to rent to them when they would not if the process of regaining possession necessarily required time and considerable expense. The accomplishment of this object does not require the application of the remedy to cases not named in the statute. But if it did, it is the duty of this court to declare the law as written, and not ·to make it. The views here expressed are substantially stated by this court in *Davis* v. *Hemenway*, 27 Vt. 589, since which decision there have been many

opportunities for the legislature to extend the remedy to cases like the one at bar, if it had desired to give it a wider application than was announced by the court in that case.

Judgment affirmed.