CAROLINE WHEELER *v.* EDGAR WHEELER.

October Term, 1904.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 26, 1905.

*"Justice Ejectment"—Evidence—Statute of Frauds—Notice to Quit—Necessity—Reasonableness—Question for Jury.*

The action commonly called "justice ejectment" does not lie against one in the possession of lands or tenements, unless he is a technical lessee thereof, and all his title and right therein, both legal and equitable, has ceased.

In an action of "justice ejectment," when the plaintiff testifies that the defendant was in possession of the farm in question under an oral contract that, if he would live with her thereon and do by her as a son ought, he should have what was on the place and should have a home with her as long as she lived; regardless of whether this made defendant a lessee of the farm, and notwithstanding the Statute of Frauds, he has the right to meet this testimony by showing that he was in possession under an oral agreement such that he was not a lessee of the premises.

In an action of "justice ejectment," though there is no written agreement in respect of defendant's occupancy of the premises in question, the plaintiff cannot insist upon the Statute of Frauds.

In an action of "justice ejectment," when the defendant's evidence tends to show that his possession of the premises in question

was under a contract over which the justice had no jurisdiction; that he had not broken the contract; and that he was not wrongfully in possession of the premises; the court properly denied plaintiff's motions for a verdict, and for a judgment notwithstanding the verdict.

In an action of "justice ejectment," as bearing upon the claim of the defendant that his possession of the farm in question was under a contract with the plaintiff, by which he was to own the farm when plaintiff was through with it, the defendant was properly allowed to show that he had permanently improved the farm, had constructed several buildings thereon, had purchased a spring of water and constructed an aqueduct, had bought farming tools; and that plaintiff had made her will in his favor, willing him the farm.

Although no notice to quit is necessary in order to maintain justice ejectment, when the defendant is a lessee, holding over after the termination of the lease by its own limitation, or after a breach by him of a stipulation contained therein, yet, if the plaintiff tries her case upon the theory that she must show that she gave defendant a reasonable notice to quit, and gives evidence tending to show that she did so, it is for the jury to say whether, under all the circumstances, the notice was reasonable.

JUSTICE EJECTMENT. Plea, the general issue. Trial by jury at the March Term, 1904, Washington County, *Stafford,* J., presiding. Verdict for the defendant, and judgment thereon. The plaintiff excepted.

Besides the general verdict for the defendant, the jury found specially that the contract was as claimed by the defendant. "The defendant claimed, and his evidence tended to show, that the contract under which he came to live with his mother was that he was to stay with her, carry on the place, and when she got through with it, he was to have it; that he was to fix it up, and whatever he fixed he should have after his mother got through with it; that they were each to pay one-half of the expenses of the family."

*H. C. Shurtleff* and *H. W. Scott* for the plaintiff.

The agreement to pay rent is not necessary to create the relation of landlord and tenant.   Taylor, L. & T. (Ed. 1879) 15-18; 18 Enc. Pl. & Pr. 165, 167.

This was at most a tenancy at will under V. S. 2218, and no notice to quit was necessary.   *Amsden* v. *Blaisdell,* 60 Vt. 390; *Chamberlain* v. *Donohue,* 45 Vt. 55; *Rich* v. *Bolton,* 46 Vt. 87; *Gould* v. *Thompson,* 4 Met. 224; *Ellis* v. *Paige,* 1 Pick 43.

*J. P. Lamson* for the defendant.

START, J.   The action, commonly called "justice ejectment," was returnable before a justice of the peace, and brought under V. S. 1560, which provides that, when a lessee of lands or tenements, whether the lease is by writing or parol, or when a person holding under such lease, holds possession of said demised premises without right, after the determination of the lease by its own limitation, or after breach of a stipulation contained in the lease by the lessee or a person holding under him, the person entitled to the possession of the premises may have from a justice a writ to restore him to the possession thereof.

The right of the plaintiff to maintain her action depended upon her showing facts which brought her case within this statute.   The burden was on her to show that the defendant was in the possession of the premises under a lease, written or parol, and that the lease had terminated by its own limitation, or that there had been a breach, on the part of the defendant, of a stipulation contained therein.   The statute giving a justice jurisdiction in such cases applies to no other holding of premises.   It does not apply to a detainer of lands and tenements, unless they are held by a technical lessee after all title and right in him, both legal and equitable, has ceased.

*Davis* v. *Hemenway,* 27 Vt. 589; *Pitkin* v. *Burch,* 48 Vt. 521. It is evident that the plaintiff, in the court below, understood that the burden was on her to show that the defendant was in possession under a lease, which had terminated by its own limitation, or by reason of a breach, by the defendant, of a condition contained therein, for she gave evidence tending to show, that, prior to 1888, she was living alone on the farm in question; that she told the defendant, that, if he would come and live with her and do as a son ought by her, he should have what was on the place and should have a home with her while she lived; that the defendant moved on to the farm and lived with her until 1902, when he choked and scratched her; that he became unduly intimate with a woman who kept house for him; and that, because of this, she left the place and went to live with her daughter. It is unnecessary to decide, and we do not decide, whether this testimony tends to show that the defendant was a lessee of the premises. It is sufficient to say, that the defendant, notwithstanding the statute of frauds, which was insisted upon by the plaintiff, had a right to meet the testimony of the plaintiff by showing that he was not a lessee of the premises, and that the case was not one over which a single justice had jurisdiction. For this purpose, he was properly allowed to show, that the contract, under which he went to live with his mother, was, that he should stay with her, carry on the place, fix it up, each should pay half the expense of the family, and, when she was done with the place, he was to have it; that, under this agreement, he went on to the farm, made various improvements, always used his mother as a son should; and that she left the farm without cause.

There being no written agreement between the parties respecting the defendant's occupancy of the premises, the plaintiff was not in a situation so she could rightfully insist

upon the Státute of Fraüds.   In order to make a case over
which the justice had jurisdiction, she was under the neces-
sity of resorting to oral evidence of the contract under which
she claimed the defendant was in the possession of the prem-
ises as lessee; and what that contract was, was an issue
brought by the plaintiff into the case; and the defendant could,
by oral evidence, disprove the contract which the plaintiff's
evidence tended to show.   The defendant's evidence tended
to show, that the contract, under which he went to live with
his mother, was one over which a justice of the peace had no
jurisdiction; that there had been no breach of the contract on
his part; and that he was not wrongfully in the possession of
the premises.   Such being the tendency of the evidence, the
court could not rightfully order a verdict for the plaintiff;
and her motions for a verdict, and for a judgment notwith-
standing the verdict, were properly denied.   As bearing upon
the question of whether the holding of the premises was as
the plaintiff claimed, or as the defendant claimed, the defend-
ant was permitted to show, subject to the plaintiff's objection
and exception, that he had improved the farm, had built a horse
barn, a manure shed, a carriage house, lean-to, a portico,
shingled the house, bought a spring of water, laid thirty rods
of lead pipe to the house, cleared the rocks from a large part of
the farm, purchased farming tools, and whereas he had only
one cow and one horse when he went there, he now kept from
eleven to thirteen cows; and that the plaintiff made a will in his
favor, willing him the place.   This evidence tended to render
the defendant's claim, that he was to have the farm when his
mother was through with it, more probable, and was admis-
sible.   *Armstrong* v. *Noble,* 55 Vt. 428; *Houghton* v. *Clough,*
30 Vt. 312.

If the defendant had been a lessee, holding over after the lease had terminated by its own limitation, or after a breach by him of a stipulation contained therein, no notice to quit would have been necessary. *Horan* v. *Thomas,* 60 Vt. 325, 13 Atl. 567. But the plaintiff did not raise this question in the court below. On the contrary, she tried her case upon the theory that, in order to recover, she must show that she gave the defendant reasonable notice to quit; and she gave evidence tending to show that, in the latter part of January, 1903, she gave him notice to yield to her the possession of the premises on or before May 1, 1903; and she asked the court to rule, as a matter of law, that the notice was reasonable. This the court declined to do. In this there was no error. The reasonableness of the notice depended largely upon circumstances, such as the time required for the removal of buildings, sale or other disposition of crops and other property raised or produced on the farm, and the procuring of other accommodations. *Amsden* v. *Blaisdell,* 60 Vt. 386, 15 Atl. 332. The plaintiff having made the reasonableness of her notice to quit an issue in the case, and insisted upon it, it was for the jury to say whether, under all of the circumstances disclosed by the evidence, the notice was reasonable.

*Judgment affirmed.*