## DELIA A. TRASK *v.* ALFRED FOUNTAIN.

### May Term, 1918.

Present:   WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

### Opinion filed January 18, 1919.

*Landlord and Tenant—Justice Ejectment—Necessity of a Lease —Implied Tenancy—Mortgagee and Mortgagor's Lessee— Burden of Proof.*

The action of justice ejectment provided by G. L. 2146, applies only to cases wherein the technical relation of landlord and tenant exists.

In order to invoke the remedy of justice ejectment it is not necessary that the plaintiff or defendant should be the original lessor or lessee; it is sufficient if the defendant's possession began under a lease, and the plaintiff has the right of possession as derived from the lessor.

Where the vendees in possession of premises under a bond for a deed from the plaintiff leased a part of the same to the defendant, the relation of landlord and tenant between plaintiff and defendant did not exist, and a letter from the plaintiff, after he had foreclosed the premises, notifying the defendant of the decree of foreclosure and directing him to pay all rents to him, did not alone create that relation between them so as to enable the plaintiff to maintain an action of justice ejectment.

> In such case, where the defendant did not in terms repudiate the notice but disregarded it and continued to pay rent to the vendees, he did not, as a matter of law, by implication assent to become the plaintiff's tenant.
>
> After a default in a mortgage the relation of landlord and tenant between the mortgagee and a lessee of the mortgagor in possession can be created only by a contract express or implied; and the burden of proof is upon the one asserting it to establish the tenancy.

ACTION OF JUSTICE EJECTMENT brought in Burlington City Court. Tried on an agreed statement of facts, *C. S. Palmer,* City Judge. Judgment for the defendant. The plaintiff excepted. The opinion states the case.

*Martin S. Vilas* for the plaintiff.

*R. E. Brown* for the defendant.

POWERS, J.　The plaintiff owned two houses in Burlington, and sold them to the Wagners under a bond for a deed dated April 1, 1915. The Wagners went into possession of the property, and on November 6, 1915, rented one of the houses to the defendant for $2.50 per week. In the meantime, the Wagners had not complied with the terms of their contract with the plaintiff, and the latter had foreclosed, and on November 9, 1915, she obtained a decree against the Wagners, limiting the period of redemption to one year. This decree included all sums due the plaintiff down to its date. On January 6, 1916, the defendant received a letter from the plaintiff's attorney, giving notice of this decree and directing the former to pay all rents to the plaintiff. At this time there was no rent due from the defendant. On February 7, 1916, the plaintiff began this action of justice ejectment, and caused the writ therein to be served on the defendant. Prior to this time the defendant had paid to the Wagners all rent to February 5, 1916. Since that date he has refused to pay rent to either the plaintiff or the Wagners.

The defendant had judgment below on an agreed statement of facts, and the plaintiff excepted.

The plaintiff has invoked a statutory remedy; she must, therefore, bring her case within the statute. And the first re-

quirement is that she shall establish the relation of landlord and tenant, either original or derivative, between herself and the defendant. For G. L. 2146 applies only to cases wherein the technical relation of landlord and tenant exists; without this, this particular remedy is not available. *Pitkin* v. *Burch,* 48 Vt. 521; *Wheeler* v. *Wheeler,* 77 Vt. 177, 59 Atl. 842; *Mead* v. *Owen,* 80 Vt. 273, 67 Atl. 722, 12 L. R. A. (N. S.) 655, 13 Ann. Cas. 231.

It is not necessary that the plaintiff should be the original lessor, or that the defendant should be the original lessee; all that is required is that the defendant's possession began under a lease, and that the plaintiff has the right of possession, as derived from the lessor. *Barton* v. *Learned,* 26 Vt. 192.

Prior to the notice, at least, this was not the situation of these parties. The relation of landlord and tenant did not exist between them. As we have seen, the lease was given subsequent to the bond for a deed, and was therefore subject to the superior rights of the plaintiff. The relation between the plaintiff and the Wagners was that of vendor and vendee, and as against the latter the plaintiff was not entitled to this action. *Davis* v. *Hemenway,* 27 Vt. 589; *Mack* v. *Dailey,* 67 Vt. 90, 30 Atl. 686. The fact that the Wagners have defaulted and the plaintiff is therefore entitled to the possession does not affect the situation. *Griffith* v. *Collins,* 116 Ga. 420, 42 S. E. 743; *Dakin* v. *Allen,* 8 Cush. (Mass.) 33; *Kiernan* v. *Linnehan,* 151 Mass. 543, 24 N. E. 907, 16 R. C. L. 1183. Nor does the plaintiff gain anything by likening this situation to one involving the relation of mortgagor and mortgagee. For, in such a case, there is no tenancy in the sense of the statute, and this action could not be sustained. *Evartson* v. *Sutton,* 5 Wend. (N. Y.) 281, 21 Am. Dec. 217; *Roach* v. *Cosine,* 9 Wend. (N. Y.) 227; *Larned* v. *Clarke,* 8 Cush. (Mass.) 29; *Hastings* v. *Pratt,* 8 Cush. (Mass.) 121; *Clement* v. *Bennett,* 70 Me. 207; *Ballow* v. *Motheral,* 5 Baxt. (Tenn.) 602; *Willis* v. *Eastern Trust & Banking Co.,* 169 U. S. 295, 18 Sup. Ct. 347, 42 L. ed. 752; *Teal* v. *Walker,* 111 U. S. 242, 4 Sup. Ct. 420, 28 L. ed. 415; *Rogers* v. *Humphrey,* 31 E. C. L. 144; Jones, L. & T. § 94.

It only remains to consider what effect, if any, the letter above referred to had on these questions.

This letter alone would not create the relation of landlord and tenant where none previously existed. It takes two to make a bargain, and the relation of landlord and tenant cannot

be created without the consent of both parties.    Without a contract, express or implied, there can be no tenancy.    Jones, L. & T. § 1; *Brown* v. *Storey,* 1 M. & G. 117, 39 E. C. L. 674.    So it was held in *Evans* v. *Elliot,* 9 A. & E. 342, 36 E. C. L. 193, that where a mortgagor in possession leases the property, the mortgagee cannot, by merely giving the lessee notice of the mortgage and default thereunder and requiring the lessee to pay the rent to him, make the lessee his tenant.    Shortly after, however, in *Brown* v. *Storey,* above cited, it was held that such a notice together with certain conduct on the part of the tenant would create the relation of landlord and tenant between them.    In other words, the necessary contract may be express or implied. If the latter, a question for the jury is usually presented, though not always.    The conduct of the parties may sufficiently manifest the existence of the contract.    *Stedman* v. *Gassett,* 18 Vt. 346, is in full accord with these views.    It was held in that case that where such a notice had been given by the mortgagee, and the tenant had continued in possession, not objecting to or repudiating the notice, consent and acquiescence would be implied. But the conduct of this defendant did not, as matter of law, amount to consent and acquiescence.    To be sure, he did not in terms repudiate the notice, but, disregarding it, he continued from January 6 to February 5 to pay his rent to the Wagners, a period covering five pay days.    In these circumstances, it cannot be said as matter of law that the defendant, by implication, assented to become the plaintiff's tenant.    The burden of proof was on the plaintiff to establish the tenancy, and the completeness of the statement of facts as to all its essentials was at her risk.

*Judgment affirmed.*