WILLIAM T. CRAWFORD *v*. ROSE JERRY.

January Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 6, 1940.

*P. C. Warner* for the defendant.

*J. L. Folsom* for the plaintiff.

SHERBURNE, J. This action is brought under P. L. 1956, which reads as follows:

> "When the lessee of lands or tenements, whether the lease is by writing or parol, or when a person holding under such lease, holds possession of such demised premises without right, after the determination of the lease by its own limitation, or after breach of a stipulation contained in the lease by the lessee or a person holding under him, the person entitled to the possession of the premises may have from a justice a writ to restore him to the possession thereof."

It appears from the findings of fact that Mary J. Chenette, mother of the plaintiff, owned a dwelling house and lot, and that eleven or twelve years ago the defendant and her husband went into possession of the same with the consent and acquiescence of the said Mary, and that thereafter until the decease of the said Mary the defendant or her husband "spasmodically" and at different times paid her rent for the use of the same. On April 2, 1936, the plaintiff became the owner of the premises by virtue of a decree of the probate court, and suffered the defendant and her husband to remain, and during the husband's lifetime at different times demanded rent of him which was never paid. Later defendant's husband died, since which time the defendant has remained in the house, contending that her husband had an arrangement with the said Mary for its purchase. This arrangement was not found to exist, but it was found that, while it does not appear that the defendant is in possession of the premises under any express contract with the plaintiff, the defendant impliedly agreed to pay a reasonable rental for the use of the prem-

122

ises, and that the relationship of landlord and tenant exists as between the plaintiff and defendant, and judgment was entered for the plaintiff to recover the possession of the premises and his costs.

Defendant's exception to the findings on the ground that there was no evidence that the defendant ever paid any rent to Mary Chenette is sustained, and in our disposition of the case we will treat the situation as though defendant's husband alone paid the rent, as suggested by defendant's brief.

■ Defendant excepted to the finding that the relationship of landlord and tenant exists between the plaintiff and defendant. As no rent was recovered such finding is not needed to support the judgment and may be treated as surplusage.

■■ P. L. 1956 applies only to cases wherein the technical relation of landlord and tenant exists; without this, this particular remedy is not available. *Pitkin* v. *Burch*, 48 Vt. 521; *Wheeler* v. *Wheeler*, 77 Vt. 177, 59 Atl. 842; *Mead* v. *Owen*, 80 Vt. 273, 67 Atl. 722, 12 L. R. A. (N. S.) 655, 13 Ann. Cas. 231; *Trask* v. *Fountain*, 93 Vt. 83, 106 Atl. 559. However, the statute does not require that the relation of landlord and tenant should subsist between the parties to the suit when the action is brought. The action is given, not only against the lessee, who holds over after the lease is determined, but also against any person holding under him, and it is given to the person who is entitled to the possession as derived from the lessor. *Barton* v. *Learned*, 26 Vt. 192; *President and Fellows of Middlebury College* v. *Lawton et al.*, 23 Vt. 688.

■ It is not, nor can it be, questioned that the findings, using them as we have indicated, make out a *prima facie* case of landlord and tenant between Mary Chenette and the defendant's husband, for the law will imply this relationship from the fact of occupancy of the premises with the consent of the owner. *Blake* v. *Preston*, 67 Vt. 613, 32 Atl. 491. The payment of rent is also evidence of a tenancy. 16 R. C. L. 542; 35 C. J. 959, § 22. The defendant insists, however, that it could only be a tenancy at will, and that it was terminated by the death of the lessor, and that any relation then remaining was further terminated by the death of the lessee, the defendant's husband. We agree that the original tenancy was so terminated, but the fact remains that the defendant claims possession, not independently, but under

her husband, the lessee.   For the reasons given this situation is covered by the statute.

*Judgment affirmed.*