JOHN T. CLEMENT *vs.* NATHAN P. BENNETT.

Waldo. Opinion September 10, 1879.

*Mortgage. Tenant. Forcible entry.*

A deed and bond of defeasance, executed at the same time, and as part of the same transaction, constitute a mortgage.

A mortgagor is not a tenant within R. S., c. 94, concerning forcible entry and detainer.

ON REPORT.

The case is stated in the opinion.

*G. E. Johnson & W. H. Fogler*, for the plaintiff, contended that no appeal from the decision of the magistrate was taken, therefore the only question for trial here, (if any), under the pleadings, is that of title. All other issues were determined by the magistrate, and his determination was final. *Abbott* v. *Norton*, 53 Maine, 158. R. S., c. 94, § 6. *Copeland* v. *Bean*, 9 Maine, 19.

Plaintiff established his title by the introduction of his deed. Ib.

Defendant to prevail must show as good or better title in himself.

The bond is not evidence of title, therefore was improperly admitted; it being the only evidence introduced by defendant, his defense must fail.

Defendant's brief statement admits the existence of the relation of landlord and tenant, alleging: "In which bond an *agreement* is made that the possession may be retained," &c.; such an agreement creates such relation. *Marden* v. *Jordan,* 65 Maine, 9. *Dunning* v. *Finson,* 46 Maine, 546.

If the bond is admissible under the brief statement, plaintiff should be allowed to prove that the defendant has failed to fulfill the conditions therein named.

The question, whether or not the relation of mortgagor and mortgagee exists between the parties, cannot be raised here under the pleadings. If defendant had desired to raise that question here, he should have appealed from the decision of the magistrate. *Abbott* v. *Norton, supra.* *Copeland* v. *Bean,* 9 Maine, 19.

The facts and circumstances of the transactions will not sustain the theory of such relationship, if it could be raised here. Jones on Mort., §§ 264, 265, 335. *Bethlehem* v. *Annis,* 40 N. H. 36.

The bond and deed are separate and distinct transactions independent of each other.

There is no debt or obligation on the part of the defendant to be secured. Jones on Mort., § 268. *Haines* v. *Thompson,* 11 Am. Law Regr. N. S., 680.

If a mortgage, the title is in the plaintiff. *Blaney* v. *Bearce,* 2 Maine, 132. *Weeks* v. *Thomas,* 21 Maine, 476. 4 Kent's Com. 173, 9th ed.

*J. A. Lamson,* (*Thompson & Dunton* with him) for the defendant.

APPLETON, C. J. This is a process of forcible entry, and comes before this court on a plea of the general issue and a brief statement alleging title in the defendant.

The complainant put in a deed of warranty from the defendant to him, dated October 17, 1876, describing the premises in controversy.

The respondent offered a bond of the same date from the complainant to him, covering the same premises, in which he agreed to convey the same upon the performance of the terms and conditions specified therein.

The deed and bond of defeasance executed at the same time and as part of the same transaction, constitute a mortgage. The relation of the parties is that of mortgagor and mortgagee. R. S., c. 90, § 1.

The mortgagor is not a tenant within the act relating to forcible entry and detainer. c. 94, § 1. *Reed* v. *Elwell*, 46 Maine, 270. *Hastings* v. *Pratt*, 8 Cush. 121. "The case of mortgagor and mortgagee," observes Kent, J. in *Dunning* v. *Finson*, 46 Maine, 553, "rests upon the peculiar provisions of the statute as to the mode of entry, and the legislature did not probably contemplate that this process should apply ordinarily to such a case, under the provision in relation to disseizin or that in relation to tenants at will."

*Judgment for the respondent.*

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.