ANDREW P. CARPENTER *v.* DANIEL BARBER, SHERMAN LADD, IRWIN C. BURKE, AMOS GREEN, THOMAS O. HARRIS AND ASA PEAKE, JR.*

*Trespass, q. c. f.  New Assignment.  Pleading.  Evidence.*

In actions of trespass, *q. c. f.*, where the declaration, in addition to the averments of breaking and entering the plaintiff's close, contains allegations of other matt~ as the expulsion of the plaintiff from the premises, or the taking and car___,___ away of personal property, leaving it equivocal whether the plaintiff intends such additional matter as aggravation of the principal trespass, or whether it was inserted as a distinct trespass for which the plaintiff seeks to recover, as a substantive ground of action, the defendant has a right to regard it as aggravation merely, and in his plea pass over it in silence, answering only the alleged trespass on the freehold.

In such case, if the defendant so pleads, and his plea is a good answer to the alleged trespass on the freehold, it is, *prima facie*, an answer to the whole action, and if the plaintiff wishes to avoid this effect and recover for such additional trespass, as well as for the trespass on the freehold, he must new assign in respect to such additional trespass, and allege in his new assignment that he brought his action as well for the trespass mentioned in the plea, as for the trespasses newly assigned; but it is not necessary to new assign where the plea attempts to justify all the trespasses or grounds of action specifically, for which the plaintiff proceeds.

* This cause was argued at the February term, 1871, and decided at the February term, 1872.

Carpenter *v.* Barber et als.

The defendant having treated all the alleged trespasses in the declaration as substantive trespasses, and pleaded to them accordingly, no new assignment was necessary, and the plaintiff's replication of *de injuria* is an entire traverse of the pleas, and puts in issue the trespasses to the personal property as well as on the freehold ; and the allegation in the plea that the defendants did no unnecessary damage, is a material and traversable allegation, and is involved in the issue thus formed, and the plaintiff has a right to show and recover for any unnecessary damage done to the personal property.

Title and right of possession of a dwelling-house does not justify an entry and forcible expulsion of the occupant and his family wrongfully holding over.

Evidence that the defendant was in collusion with the plaintiff's housekeeper, to aid him in getting possession of the house in the plaintiff's absence, while she, the housekeeper, was left in charge of plaintiff's children, and in charge of the house, is inadmissible, even in mitigation of exemplary damages.

Evidence that the defendants acted under the advice of counsel, in doing the acts for which the action of trespass *q. c. f.* is brought, is not admissible as tending to show that defendants supposed they had a right to do such acts, when, in fact, they did not follow the advice, but acted contrary to it.

ACTION OF TRESPASS for breaking and entering the plaintiff's dwelling-house and removing his furniture, books and papers.

*Pleas :* First, not guilty ; second, that the place was the close of William C. Plunkett, that the goods were doing damage there and that the defendants entered and removed them by his command ; third, that the place was the close of William C. Plunkett, and that the supposed trespasses were done by his command ; fourth, that William C. Plunkett was entitled to the possession of the place because it was his close, that the goods were doing damage there, and that defendants entered and removed them by his command. *Replication, de injuria.* Trial by jury, December term, 1870, WHEELER, J., presiding.

Upon the trial the plaintiff introduced testimony that tended to show that he has lived in the house in question all the time since the year 1851. That on the 13th day of June, 1866, his family consisted of himself, his brother, three children and a hired woman. That on the morning of that day he and his brother were away from the house, and the woman and children in or about it. That while he and his brother were away on that day all the defendants except Barber, with several other persons, by direction of Barber, entered into the house, and with violence and in great haste tore up his carpets, took down his beds, and desks containing books and papers, carried them with other valuable furniture, provisions, and family portraits into the street, and some of them into a building of the railroad company near by,

and commenced to move another family in. That he learned what the defendants were doing, returned home and found his hired woman crying, and his children frightened ; that he remonstrated with the defendants and resisted them, and finally succeeded in keeping possession of the house. That most of the goods were carried by him back into the house in a damaged condition, and that some of them were wholly lost to him.

The defendants introduced evidence that tended to show that prior to and in the year 1863, Reynolds Carpenter, Jr., the plaintiff, and Benjamin E. Brownell, were partners in business, running a factory ; that they owned the factory they run and some land about it, and that the house in question stood upon the factory land and was a part of the factory property. That the plaintiff and Brownell on the 30th day of December, 1863, and Reynolds Carpenter, Jr., on the 1st day of January, 1864, by an absolute deed conveyed all the right they had to all this real estate to Smythe, Sprague & Cooper, a firm in the city of New York. That several creditors of the firm, of which the plaintiff was a member, attached and levied upon all the factory property to satisfy judgments in their favor against the firm. That Smythe, Sprague & Cooper, on the 26th day of September, 1865, conveyed the same property to William C. Plunkett. That the levying creditors, on the 9th day of October, 1865, conveyed the property levied upon to Orin Bates, and that he on the 1st day of November, 1865, conveyed the same to William C. Plunkett and Daniel J. Barber. That the plaintiff knew of the purchase by William C. Plunkett at the time it was made, and at first was dissatisfied and objected to it. That Plunkett hesitated about making the purchase against the will of the plaintiff; that the plaintiff finally agreed to be friendly and give up the possession of the property peaceably if Plunkett would pay five hundred dollars to Ichabod F. Paddock for him, and that Plunkett did pay five hundred dollars to Paddock for the plaintiff. That afterwards the plaintiff declined to give up the house ; that Plunkett authorized Barber to take possession of the house, and that the defendants entered and took possession of the house by direction of Barber under the authority from Plunkett.

The defendants, against the objection of the plaintiff, were permitted to introduce testimony that tended to show that the defendant Barber, before directing the entry complained of, sent to a lawyer for counsel about the right to enter and put out the plaintiff's goods, and that the messenger by whom he sent reported back to him that the counsel advised that he had a right to enter and put the plaintiff's goods out if he could find the plaintiff and his family absent. Also that Barber believed that they had the right to enter and remove the goods when they did so. Also that Barber had an understanding with the hired woman of the plaintiff that he might remove the goods when the plaintiff's family were absent, and that she would let him know when they were absent. Also that Barber saw her before they removed the goods that morning, that she then said the family were away, that he then told her that they were about to remove the goods that day, and she said that she was glad of it and would help. And also that the defendants moved out the plaintiff's goods because they wanted to put others in, and that they had no intention to appropriate any of the goods to their own use.

This testimony was admitted to meet a claim that the plaintiff made for exemplary damages, which the plaintiff expressly declined to waive, and for no other purpose. To the decisions of the court admitting this testimony the plaintiff excepted.

The plaintiff introduced testimony that tended to show that he did not agree with Plunkett to be friendly and give up the possession of the property peaceably if Plunkett would pay five hundred dollars to Paddock for the plaintiff, and that Plunkett did not pay five hundred dollars to Paddock for the plaintiff. That no proceedings were taken in any of the levies upon the factory property to set out any homestead to the plaintiff in the house that he occupied, and that the plaintiff had never waived any claim to his homestead right.

The plaintiff offered to prove by parol that the deeds of conveyance from the plaintiff, Brownell, and Reynolds Carpenter, Jr., to Smythe, Sprague & Cooper, were made and delivered to secure them for balances due them from the firm composed of the grantors, and for liabilities Smythe, Sprague & Cooper were under for

Carpenter v. Barber et als.

the grantors. That the balances due to Smythe, Sprague & Cooper and the liabilities they were under for the grantors, which the deeds were made to secure, had all been paid and discharged, and that Plunkett knew that the deeds were made for security merely, and that the debts and liabilities that they were made to secure had all been paid and discharged at the time he took the conveyance from Smythe, Sprague & Cooper to himself. The defendants objected to the admission of this testimony, and the court excluded it. To this the plaintiff excepted.

Upon the pleadings and evidence in the case, the plaintiff claimed and requested the court to hold that if the defendants made entry into the house with strong hand or with multitude of people, and not peaceably, their entry was unlawful, and the plaintiff would be entitled to recover for the entry and damages done on that occasion. The court declined so to hold, and ruled that if the defendants had made out title to the house in Plunkett, authority from Plunkett to the defendants to enter into and take possession of the house, and that the defendants did enter under that authority, they would be entitled to recover.

The plaintiff conceded that upon this ruling there was no question of fact to be submitted to the jury, and submitted to a verdict for the defendants with liberty to except to all these decisions of the court.

The court directed a verdict for the defendants and the plaintiff excepted to all these decisions.

*Tarrant Sibley, A. B. Gardner, C. N. Davenport* and *W. S. Southworth*, for the plaintiff.

*G. W. Harmon, A. L. Miner* and *Daniel Roberts*, for the defendants.

The opinion of the court was delivered by

Peck, J. Under the pleadings and evidence in the case, the county court ruled that if the defendants had proved title to the house in question in Plunkett, by whose command the defendants by their special pleas claimed to justify, and had proved authority

from Plunkett to enter and take possession of the house, and that the defendants did enter under that authority, they were entitled to recover.

It is insisted on the part of the plaintiff that even if what the court held would entitle the defendants to a verdict was a justification of the entry and trespass upon the freehold, still it was no bar to the recovery by the plaintiff for the unnecessary damage to the plaintiff's goods, done by the defendants, alleged in the declaration, and which the plaintiff's evidence tended to prove. The counsel for the defendants claim that the removal of the plaintiff's goods by the defendants, as set forth in the declaration, is only matter of aggravation, and that the defendants had a right so to regard it; and hence, whatever justifies the entry upon the freehold, is a full answer to the action. It is true that in actions of trespass on the freehold, where the declaration, in addition to the averment of the breaking and entering the plaintiff's close, contains allegations of other matters, such as expulsion of the plaintiff from the premises, or the taking and carrying away of personal property, *leaving it equivocal* whether the plaintiff intends such additional matter merely as aggravation to give character to the principal trespass, the trespass upon the freehold, or whether it was inserted as distinct trespass or trespasses for which the plaintiff seeks to recover as a substantive ground of action, the defendant has the right to assume that it was intended as aggravation merely; and in his plea pass over it in silence, answering only the alleged trespass on the freehold. In such case, if the defendant so pleads, and his plea is a good answer to the alleged trespass on the freehold, it is *prima facie* an answer to the whole action. And if the plaintiff wishes to avoid this effect, and recover for such additional trespass or trespasses, as well as for the trespass on the freehold, he must new assign in respect to such additional trespass or trespasses, and in his new assignment allege that he brought his action as well for the trespass or trespasses mentioned in the plea, as for the trespasses newly assigned. But the object of a new assignment is to correct a misunderstanding or affected misunderstanding or error into which the defendant in his plea has fallen as to the identity or extent of the plaintiff's intended

cause of action, and to aver that the defendant has omitted to answer the whole or a part of the true ground of complaint; therefore it is not necessary to new assign when the defendant in his plea attempts to justify all the trespasses or ground of action specifically for which the plaintiff proceeds. In this case the defendants' first special plea attempts to justify not only the trespass on the freehold, but specifically the trespasses to the personal property alleged in the declaration, and admitting that in removing it they did necessarily a little break, tear, bruise and injure the same, doing no unnecessary damage. The third special plea is substantially like the first, except it is pleaded only to the trespasses to the personal property, (omitting the allegation that the defendants did a little injure, &c., the same,) and alleging, as in the first special plea, that they did no unnecessary damage. The defendants in their pleas having treated the alleged trespasses to the personal property as substantive trespasses, and pleaded to them accordingly, no new assignment under these pleas was necessary. A resort to a new assignment would have led to unnecessary prolixity, and resulted in a useless repetition of the pleadings. The plaintiff's replication *de injuria absque tali causa* is an entire traverse of these pleas, and puts them in issue not only as to the trespass on the freehold, but also as to the trespass to the personal property. The allegation in these pleas, that in the removal, or in whatever the defendants did to the personal property, they did no unnecessary damage, was a material and traversable allegation, and was involved in the issue thus formed. The plaintiff under this issue, therefore, had a right to show and recover for any unnecessary damage done by the defendants to the personal property, unless there was some other issue in the case to prevent it. This presents a question as to the effect of the second special plea and issue thereon, it being traversed in the same general traverse with the other two special pleas. This plea is the same as the first special plea so far as relates to the trespass upon the freehold. This plea in its commencement shows that it is pleaded as to the breaking and entering the said close, in which, &c., and at the conclusion is confined to the trespasses as to breaking and entering the close. Even if the second special plea, had no other

been pleaded, might have been regarded as an answer to the whole declaration, until plaintiff should new assign, (which from the structure of the plea is doubtful,) it cannot be so construed. The defendants having in the other two special pleas treated the allegations of the other trespasses, not as aggravation merely, but as distinct and substantive causes of action, and answered them as such, it is manifest that the construction the defendants put upon the declaration was that the trespasses to personal property were relied on by the plaintiff as a substantive ground of action. Hence, upon the defendants' own construction of the declaration, their second special plea must be regarded as an answer to part only of the cause of action, that is, to the breaking and entering of the plaintiff's freehold; and the plaintiff was not bound to new assign in order to avail himself of the trespass to the personal property. The court therefore erred in ruling that if the defendants showed title to the house in Plunkett, and that they entered and took possession by authority from Plunkett, they were entitled to recover ; as this ruling cut the plaintiff off from recovering, for the alleged trespass to the personal property, whatever damage the defendants may have done thereto, either necessarily or unnecessarily. The court also erred in admitting the evidence in reference to the plaintiff being advised that he had a right to enter and put the plaintiff's goods out if he could find the plaintiff and his family absent. It would be competent to show that the defendants acted under an honest belief that they had a right to do what they did; but advice that they had a right to enter, &c., if they could find the plaintiff and his family absent, would have no tendency to induce the defendants to believe they had a right to enter and do what they did when the family were present, but would tend to induce a belief that they had no such right, and that they acted, not under advice of counsel, but contrary to it. It has been several times decided in this State, that title with right of possession of a. dwelling house does not justify an entry and forcible expulsion of the occupant and his family wrongfully holding over. Whether the pleadings present this as a ground of action, is not material to the question. The evidence of the defendant Barber's collusion with the plaintiff's house-keeper to aid

him in getting possession of the house in the plaintiff's absence, while she was left in charge of the plaintiff's children and in care of the house, was clearly inadmissible, even in mitigation of exemplary damages. Such attempt to induce her to betray her trust, is more in aggravation than in mitigation of damages. It may perhaps be supposed that in this view of the just tendency of this evidence, the plaintiff could not be prejudiced by it. But it having been offered by the defendants and admitted by the court as evidence in mitigation of damages, the jury would regard it as a decision of the court that such should be its legal effect.

This view of the questions already alluded to leads to a reversal of the judgment.

Whether the plaintiff was entitled to the instructions asked in relation to the entry into the house with strong hand or multitude of people, and not peaceably, depends on the question whether the pleadings in the case and the issue formed present the question involved in that request. The question has been argued without much reference to authorities, none whatever having been referred to on the part of the plaintiff; but we are inclined to think that, under the pleadings and the issue formed, the plaintiff was not entitled to that instruction.

Another important question in the case arises upon the exclusion by the court of the evidence offered by the plaintiff to show the deeds to Smythe, Sprague & Cooper were mortgages, and the debt secured thereby paid, and that this was known to Plunkett when he took his deed. This was a material question in the case, because, even if the levies were valid, and nominally embraced the whole premises, from what is stated in the exceptions the plaintiff may have been entitled to a homestead as against the levies. Upon the question of the admissibility of this evidence, we have had so little aid from the counsel from an examination and reference to authorities, that we do not decide it; but as the judgment is to be reversed on other points, we deem it not advisable to hold the case for re-argument on this point.

A question has been made whether the declaration is to be construed as containing two counts, or but one, but we have not regarded that, under the issue formed, as material. There is clearly

but one count for trespass for breaking and entering the close; and whether under a single count of this character, the rules of pleading will permit the plaintiff to present all the questions discussed in the argument, is not now before us.

Judgment reversed and new trial granted.