# Ned Finley and Kim Finley v. Christopher R. Williams and Green Trails, Inc.

[453 A.2d 85]

No. 353-81

Present: Barney, C.J., Billings, Hill and Underwood, JJ.,
and Daley, J. (Ret.), Specially Assigned

Opinion Filed November 2, 1982

154

*Donald R. Powers,* Brandon, for Plaintiffs-Appellees.

*Paterson, Walke & Pratt, P.C.,* Montpelier, for Defendants-Appellants.

**Barney, C.J.** The plaintiffs sued defendants, Christopher Williams and Floating Bridge Holding Company (successor corporation to Green Trails, Inc.) because of a dispute grounded in a landlord-tenant relationship. In December, 1977, plaintiffs rented a house from defendants, both sides assuming certain obligations and expecting various benefits. From all that appears, aspects of the bargain were never clarified, and the relationship deteriorated until an agreement was reached to terminate the tenancy on April 15, 1978. On April 10, however, while the plaintiffs were out of town, the defendants entered the rented property and removed a substantial amount of personal property, including numerous antiques. The value of the seized property was found by the trial court to be $26,840. Defendants admit taking and holding plaintiffs' property; in their view, such action was justified to assure that

the plaintiffs paid overdue utility bills and performed repair work previously agreed to.

The defendants argued unsuccessfully below that the plaintiffs had orally pledged their personal property as security for personal debts. Alternatively, defendants argued that the property was abandoned, a conclusion they feel supported by plaintiffs' voluntary absence from the rental premises and by a failure to reclaim all the property after defendants offered to unconditionally release it. As we have frequently said, findings of fact and conclusions of law by the trial court will not be disturbed on appeal unless clearly erroneous when viewed in the light most favorable to the prevailing party. See, e.g., V.R.C.P. 52.

We begin by noting that the trial court found that the defendants did not have a security interest in the plaintiffs' property. This finding is abundantly supported. Nonpossessory security interests under Article Nine of the Uniform Commercial Code require few formalities: (1) a writing (2) signed by the debtor (3) containing a description of the collateral. 9A V.S.A. § 9—203(1)(b). These minimal prerequisites lessen the probability of future misunderstandings, prevent collusion and misrepresentation and provide information to third parties who may be bound by the existence of a security interest. See id., Uniform Law Comments; see generally, J. White & R. Summers, Handbook of the Law Under the Uniform Commercial Code § 23-3, at 902–04 (2d ed. 1980). In the instant case, these requirements were not met. Therefore, the trial court correctly ruled that no security interest existed.

The trial court also found, as a matter of law, that there was no evidence of a clear and unequivocal intent on the part of the plaintiffs to abandon their property. We agree that defendants have not met their burden of proof on this affirmative defense. In addition, we observe that the defendants maintain that some $26,000 worth of property was abandoned to satisfy a debt of less than 10% of that amount. Thus, we agree in all respects with the trial court that the defendants had no right to seize and eventually to sell the plaintiffs' property without judicial oversight. We also agree that punitive damages are inappropriate on these facts; there is simply in-

sufficient evidence of actual malice. We will not overrule a trial court finding regarding punitive damages unless it appears that the trial court had no reasonable basis for the exercise of its discretion. Such misuse of discretion is clearly not present here. See *Gray* v. *Janicki*, 118 Vt. 49, 55, 99 A.2d 707, 711 (1953). Finally, we cannot accept the defendants unsupported assertion that the plaintiff was incompetent to testify as to the value of his own property. See 12 V.S.A. § 1604.

*The judgment of the trial court is affirmed.*