Bruce J. LEVINSKY, et al. v. STATE of Vermont.

[475 A.2d 242]

No. 542-81

April 9, 1984. Reversed and remanded for hearing before a properly constituted court. *Soucy* v. *Soucy Motors, Inc.,* 143 Vt. 615, 471 A.2d 224 (1983).

IN RE D. John PAPALE.

[475 A.2d 242]

Nos. 82-557 & 82-558

April 9, 1984. The evidence supports the findings. The findings support the conclusion. Therefore, the judgment is affirmed. *Finley* v. *Williams,* 142 Vt. 153, 155, 453 A.2d 85, 86 (1982).

GANNETT SATELLITE INFORMATION NETWORK, INC., d/b/a The Burlington Free Press v. Susan GREGG and Susan Gregg d/b/a Gloomchasers.

[477 A.2d 987]

No. 83-145

May 4, 1984. No affirmative defenses being pled, no counteraffidavits being filed, and the requests for admission, D.C.C.R. 36, being unanswered and therefore admitted as true, plaintiff met its burden of proof, *Gore* v. *Green Mountain Lakes, Inc.,* 140 Vt. 262, 264, 438 A.2d 373, 374 (1981), and no material issue of fact shown, D.C.C.R. 56(e), summary judgment for plaintiff affirmed. *Alpstetten Association, Inc.* v. *Kelly,* 137 Vt. 508, 514, 408 A.2d 644, 647–48 (1979).

STATE of Vermont v. Robert BOUTIN.

[477 A.2d 987]

No. 83-310

May 4, 1984. Affirmed. *Wells* v. *Malloy,* 402 F. Supp. 856, 859 (D. Vt. 1975). If defendant questioned the action of the Commissioner of Motor Vehicles, his remedy was by appeal to the Superior Court under V.R.C.P. 74 or 75.

Diane T. SOUCY and Richard L. Zeglen, d/b/a Jake's Yamaha v. SOUCY MOTORS, INC. and T & I Corporation.

[478 A.2d 993]

No. 82-139

June 15, 1984. Appellee's motion to reargue is denied as untimely filed. V.R.A.P. 40.