## Maurice Tatro and Tammy Tatro, Individually; Michelle and Jaime Tatro, b/n/f Tammy Tatro v. Claude Lehouiller and Patricia Lehouiller

[513 A.2d 610]

No. 84-193

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed June 13, 1986

*Rodney F. Vieux*, Johnson, for Plaintiffs-Appellees.

*Edwin W. Free, Jr.*, of *Richard E. Davis Associates, Inc.*, Barre, for Defendants-Appellants.

*James M. Libby, Jr., Vermont Legal Aid, Inc.*, Montpelier, for amicus curiae Vermont Tenants, Inc.

**Hill, J.** Defendants appeal from a superior court judgment finding them liable to plaintiffs for wrongfully resorting to self-help eviction. Defendants contend that the eviction comported with the rule of law laid down in *Mead* v. *Owen*, 80 Vt. 273, 67 A. 722 (1907), in that the relationship between the parties was that of master and servant rather than landlord and tenant as the trial court concluded. We disagree and affirm.

Plaintiff Maurice Tatro began working on defendants' farm in April of 1981, receiving weekly wages and the right to occupy a tenant house on defendants' farm in exchange for his services. He moved into the tenant house with his wife and two children. On September 4, 1981, Mrs. Lehouiller notified Mr. Tatro that his employment would be terminated.

The facts beyond this point are in dispute. Plaintiffs testified that defendants told them they could stay on the premises if Mr. Tatro worked half days on the farm. Defendants testified that they simply gave plaintiffs a week or two to move out. The trial

court resolved this factual dispute by finding that plaintiffs "were allowed to remain in the house until a new place to live could be found. This tenancy was without rent if [Mr. Tatro] worked half days on the farm."

"When the evidence is conflicting the credibility of the witnesses, the weight of the evidence, and its persuasive effect are questions for the trier of fact, and its determination must stand if supported by credible evidence even though there may be inconsistencies or substantial evidence to the contrary." *Concra Corp.* v. *Andrus*, 141 Vt. 169, 173, 446 A.2d 363, 365 (1982). The trial court heard testimony from three different witnesses supporting the above finding. Accordingly, it must stand on appeal.

On September 28, 1981, defendant Claude Lehouiller determined that plaintiffs had had enough time to find a new place to live. That evening he forcibly evicted the Tatro family from the tenant house. This action followed.

Defendants do not dispute the superior court's conclusion that under Vermont law a landlord cannot forcibly evict a tenant at will. See 12 V.S.A. § 4911 ("A person shall not make entry into lands, tenements or other possessions, except where entry is given by law; and in such case, not with strong hand nor with multitude of people, but only in a peaceable manner."); see also *Carpenter* v. *Barber*, 44 Vt. 441, 448 (1872) ("It has been several times decided in this State, that title with right of possession of a dwelling house does not justify an entry and forcible expulsion of the occupant and his family wrongfully holding over."). They contend, however, that plaintiffs were not entitled to the protections afforded tenants as their occupancy was incidental to Mr. Tatro's employment.

The question of whether the relationship between plaintiffs and defendants at the time of the eviction was that of master and servant or landlord and tenant "depends upon the nature of the holding, whether it is exclusive and independent of and in no way connected with the service, or whether it is so connected, or is necessary for its performance." *Mead* v. *Owen, supra*, 80 Vt. at 280, 67 A. at 725. Plaintiffs' holding here was plainly not incidental or necessary to the performance of Mr. Tatro's employment. Quite the contrary, defendants fired Mr. Tatro three weeks prior to this eviction. Thereafter, plaintiffs remained on the farm as tenants, not as employees. See *Crawford* v. *Jerry*, 111 Vt. 120, 122, 11 A.2d 210, 211 (1940) ("law will imply [landlord-tenant]

relationship from the fact of occupancy of the premises with the consent of the owner").

■ "The payment of rent is also evidence of a tenancy." *Id.* at 122, 11 A.2d at 211. Although the court stated that the tenancy here was without rent, it specifically found that defendants permitted plaintiffs to occupy the premises on the condition that Mr. Tatro work half days. "Rent" is defined as "[c]onsideration paid for use or occupation of property." Black's Law Dictionary 1166 (5th ed. 1979). That this consideration can be in the form of services provided is clear. See, e.g., *Stanley* v. *Turner*, 68 Vt. 315, 318, 35 A. 321, 321 (1896). Although the services provided by Mr. Tatro were similar to those for which he was originally hired, the evidence clearly shows that Mr. Tatro's employment had been terminated, and that these services were provided in exchange for the right to occupy the tenant house. Hence, the court's conclusion that the tenancy was without rent cannot stand. See *Dartmouth Savings Bank* v. *F.O.S. Associates*, 145 Vt. 62, 66, 486 A.2d 623, 625 (1984) ("conclusions not supported by the findings cannot stand").

*Affirmed.*