# Richard S. Bloomer v. Edward F. Weber

[542 A.2d 258]

No. 85-053

Present: Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned

Opinion Filed January 8, 1988

*Richard S. Bloomer*, pro se, Rutland, Plaintiff-Appellant.

*Marion T. Ferguson* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendant-Appellee.

**Allen, C.J.** Plaintiff sued defendant for failing to restore plaintiff's 1954 Packard automobile in accordance with the parties' oral agreement. The trial court found that the contract was for repair work, not restoration, and that plaintiff had not met the burden of proving his allegations. Accordingly, the court entered a judgment for defendant. We affirm.

On appeal, plaintiff raises four issues: first, he claims that the court erred by distinguishing between a contract for restoration and a contract for repair; second, he challenges several of the court's factual findings; third, he claims that the trial court erred by not finding that defendant owed him a duty not to damage his car; and fourth, he alleges that the trial court abused its discretion in denying his motion to amend the complaint to conform to the evidence.

■ Plaintiff first argues that it was error for the trial court to distinguish a contract to "repair" the car from a contract to "restore" it, because the parties did not make such a distinction. This argument is without merit. The distinction between repair work and restoration is at the root of the controversy here. Plaintiff alleged in the complaint that defendant fraudulently misrepresented that he was performing restoration work and breached their agreement. In defendant's answer, he admitted that he billed plaintiff for repair work performed, but denied that he misrepresented such work as restoration work or breached their agreement. Because the issue of whether the contract was for repair or restoration of the car was raised in the pleadings, it was not error for the trial court to receive evidence and rule on the issue. On the contrary, a trial court has a duty to direct its findings to the issues raised by the pleadings. *Potwin* v. *Tucker*, 126 Vt. 414, 418, 234 A.2d 430, 433 (1967).

■ Plaintiff's second argument on appeal is that several of the court's findings and conclusions are clearly erroneous. Specifically, plaintiff argues that the trial court erred when it found that no damage resulted from the spraying of rubber undercoating in the engine compartment, that no damage was done by the placement of a twelve volt battery in the car, which has a six volt system, and that no damage resulted from defendant's failure to attach the seat to the frame of the car.

" '[F]indings of fact and conclusions of law by the trial court will not be disturbed on appeal unless clearly erroneous when viewed in the light most favorable to the prevailing party.' " *Murray* v. *J & B International Trucks, Inc.*, 146 Vt. 458, 466, 508 A.2d 1351, 1356 (1986) (quoting *Finley* v. *Williams*, 142 Vt. 153, 155, 453 A.2d 85, 86 (1982)). The record supports the trial court's conclusion that this was not a restoration contract. Defendant denied that he was ever requested to furnish an estimate to restore the car to its original condition. Defendant's expert on restoration

testified that restoration of this car would cost "a ridiculous amount of money," $30,000 to $50,000, far beyond defendant's original $1,000 estimate for the work he was to do. The trial court's conclusion will not be disturbed on appeal. See *id.*

The trial court ruled that there was no evidence to support a finding that spraying black rubber undercoating in the engine compartment breached a duty to repair the car in a workmanlike manner. The court determined that, while applying a rubber undercoat might be inappropriate in restoration work, there was no evidence that it was improper under a contract to repair the car. Defendant testified that in repairing cars it was a normal procedure to spray an undercoat in the engine compartment to cover rust and protect the engine. The court's conclusion that defendant did not breach the agreement by applying the undercoat is supported by the record and will not be disturbed on appeal. See *id.*

The court also found that "[t]he preponderance of the evidence clearly shows that there was no damage caused by th[e] temporary placement of a twelve-volt battery in the car." The only witness for the plaintiff to testify to the effects of the twelve volt battery on the car was plaintiff himself. He did not attempt to relate the temporary use of the wrong battery to any permanent damage to the car. His argument on appeal is that since numerous lights did not work after the installation of the twelve volt battery, material damage must have been done to the car's electrical system. The trial court determined that in order to have done damage, the twelve volt battery would have had to operate more than temporarily. This conclusion is supported by the evidence. Defendant, his restoration expert and an electrical wiring expert all testified that the temporary placement of a twelve volt battery in the six volt system would not cause permanent damage to the electrical system.

The trial court concluded that defendant was negligent in not bolting the seat of the car to the chassis or undercarriage. Plaintiff is correct in stating that the trial court mischaracterized the omitted work. It was the floor that was not secured properly. Defendant testified that although his omission was a mistake, he did not charge plaintiff for the work he forgot to do. Though the court mischaracterized the components that should have been secured, it correctly concluded that plaintiff was not charged for the omitted work, and the error does not affect the result.

■ Finally, we address plaintiff's argument that the trial court erred in not ruling that defendant owed him a duty not to damage the car. "The first prerequisite in any negligence proceeding must be to establish the existence of a legally cognizable duty." *Smith* v. *Day*, 148 Vt. 595, 597, 538 A.2d 157, 158 (1987). In this case the trial court implicitly found that defendant owed plaintiff a duty not to damage the car when it found defendant had not breached such a duty in repairing the car. Therefore, the trial court did not err in failing to state explicitly that the defendant had a duty not to damage the car.

■ We need not address plaintiff's claim that it was error for the court to deny his motion under V.R.C.P. 15(b) to amend his complaint after trial to conform the allegation in the original complaint to the evidence adduced at trial concerning defendant's negligence in installing a twelve volt battery. The issue of whether defendant was negligent in installing a twelve volt battery in the car with a six volt electrical system was tried at length. The court treated the issue "in all respects as if [it] had been raised in the pleadings," V.R.C.P. 15(b), and explicitly found that plaintiff had failed to prove any permanent damage to the car from the use of the twelve volt battery. The error, if any, was harmless because the court received evidence and decided the issue of whether the plaintiff's car was damaged by the installation of the twelve volt battery. "Reversal is required only where the error complained of results in undue prejudice, not where it is harmless." *In re M.B.*, 147 Vt. 41, 44, 509 A.2d 1014, 1016 (1986) (citing *State* v. *Burnham*, 145 Vt. 161, 166, 484 A.2d 918, 922 (1984)).

*Affirmed.*