Quilla MARTIN v. Raymond
BLANCHARD

[ 541 A.2d 1199]

No. 86-050

January 22, 1988. Plaintiff alleged that he was a tenant of defendant and that defendant had locked him out of the premises unlawfully and converted his property. The trial court found that defendant had converted plaintiff's property but awarded only nominal damages because defendant returned the property without damaging it. Plaintiff argues on appeal that the trial court failed to address the illegal eviction claim, failed to award damages for loss of use of the property and failed to award damages for damage to plaintiff's television.

Assuming plaintiff was a tenant, his pleadings and evidence supported a claim of illegal self-help eviction under *Tatro* v. *Lehouiller*, 147 Vt. 151, 153, 513 A.2d 610, 611 (1986). Defendant apparently relied on a defense of abandonment. See *Finley* v. *Williams*, 142 Vt. 153, 155, 453 A.2d 85, 86 (1982). While the trial judge made findings about the circumstances surrounding the eviction, he failed to resolve the claim or the defense. Accordingly, the case must be remanded for resolution of the illegal eviction claim.

There is a similar deficiency in the damage award. Loss of use is a proper subject of compensatory damages in a conversion case like this. See *Lyman* v. *James*, 87 Vt. 486, 490-91, 89 A. 932,

934 (1914). No doubt, the damages for loss of use would be small under the circumstances, and the court may have taken loss of use into account in arriving at its nominal damage award. The findings and conclusions, however, give no indication that this element was considered and an award made for it. Accordingly, this deficiency must be corrected on remand.

The court found that the defendant did not cause any damages to plaintiff's television. Since this finding is supported by substantial evidence and is not clearly erroneous, it must stand. Accordingly, plaintiff is not entitled to recover for damage to the television.

*Reversed and remanded.*